UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUDREY L. KIMNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-00449 (UNA) |
| | ) |
| | ) |
| UNITED STATES OF AMERICA *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In addition, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff, a resident of Carmel, California, has filed a "Complaint for a Civil Case Alleging Negligence" against the United States, the U.S. Supreme Court and Chief Justice John Roberts,

and the FBI about which no allegations are discerned.  The 26-page pleading is simply incoherent.  Although Plaintiff pleads dissatisfaction with multiple courts, the complaint seems based on the treatment of Plaintiff's petitions to the Supreme Court for a writ of certiorari.  *See* Compl., ECF No. 1 at 14-18.  To the extent that Plaintiff seeks review of "three cases in the U.S. Supreme Court," *id*. at 3,  it is axiomatic that this district court lacks authority to compel action by the Supreme Court or its staff.  *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam).  It is settled, moreover, that civil suits against judges who have "done nothing more than their duty" are "meritless action[s]." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts") (citing *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993)).

      Plaintiff fares no better against the United States under the Federal Tort Claims Act for acts involving "Federal Judiciary Personnel," Compl. at 6-7, because any such claim is "barred by judicial immunity" as well.  *Springer v. Supreme Ct. of U.S.*, No. 04-5140, 2004 WL 2348134, at *1 (D.C. Cir. Oct. 18, 2004) (per curiam) (citing 28 U.S.C. § 2674) (other citations omitted)).  Because no "allegation of other facts" could plausibly cure the defects of the complaint, this case will be dismissed with prejudice.  *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) (cleaned up).  A separate order accompanies this Memorandum Opinion.

                                              _____/s/_____
                                              TANYA S. CHUTKAN
                                              United States District Judge

Date:  April 19, 2023